# Order

Michigan Supreme Court
Lansing, Michigan

April 23, 2014

148118 & (109)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

EDWIN A. NICHOLS,
   Plaintiff-Appellee/
   Cross-Appellant,

v

                  SC: 148118
                  COA: 303783
                  WCAC: 08-000024, 08-000050

HOWMET CORPORATION and PACIFIC
EMPLOYERS INSURANCE COMPANY/
CIGNA,
   Defendants-Appellants/
   Cross-Appellees,
and

CORDANT TECHNOLOGIES and
MICHIGAN PROPERTY & CASUALTY
ASSOCIATION,
   Defendants-Appellees.

_____/

   On order of the Court, the application for leave to appeal the October 15, 2013 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE Part III, Section D of the Court of Appeals opinion and we REMAND this case to the Court of Appeals. On remand, the Court of Appeals shall address the issue of whether there should be an allocation of liability for worker's compensation wage loss benefits, such that defendant Pacific Employers Insurance Company, as the insurer at the time of the plaintiff's cervical injuries, is only obligated to pay differential wage loss benefits beyond those defendant American Manufacturers Mutual Insurance (now substituted by the Michigan Property & Casualty Association), as the insurer at the time of the plaintiff's low back injury, must pay for the plaintiff's wage loss due to that later injury. MCL 418.301(5)(e), as constituted at the time applicable to this case, did not allocate liability between insurance carriers for the payment of wage loss benefits. And, contrary to the determination of the Court of Appeals, defendant Pacific Employers did raise this issue in response to the appeals of the plaintiff and

American Manufacturers at the Workers' Compensation Appellate Commission (WCAC). The WCAC implicitly rejected Pacific Employers' argument by assigning full wage loss liability to that insurer. As the appellee at the WCAC, Pacific Employers adequately raised the issue for the purpose of subsequent Court of Appeals review. Consideration of this issue is necessary for a proper determination of the case, the issue presenting a question of law where all facts necessary for its resolution have been presented. In all other respects, the application for leave to appeal and the application for leave to appeal as cross-appellant are DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 23, 2014



t0416

Clerk